```
Phillip P. Owens II, Oklahoma Bar #15165
OWENS LAW OFFICE, PC
6907 N.W. 122nd Street
Oklahoma City, OK 73142-3903
(405) 608-0708
(405) 608-0709 FAX
po@owenslawofficepc.com

- and -

LOCAL COUNSEL:
SHAUN KHOJAYAN (Cal. Bar. No. 197690)
LAW OFFICES OF SHAUN KHOJAYAN
 & ASSOCIATES, P.L.C.
555 West Fifth Street, 31st Floor
Los Angeles, CA 90013
Telephone: (310) 274-6111
Facsimile:  (310) 274-6211
Email: shaun@khojayan.com
```
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUAY ALJAMAL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PARSONS CORPORATION,<br><br>　　　　　Defendant. | Case No. 16-cv-2518<br><br>**COMPLAINT AND<br>DEMAND  FOR JURY TRIAL**<br>(INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, ATTORNEY FEES) |

## COMPLAINT

COMES NOW the Plaintiff, Luay Aljamal, and for his cause of action against Defendant, Parsons Corporation, alleges and states as follows, to-wit:

1. Plaintiff is a resident and citizen of the State of Oregon, and has been so at all times pertinent to the claims asserted herein.

2. Defendant Parsons Corporation is a corporation organized and existing under the laws of the state of California, with its principal place of business in the State of California, in this District.

3. This Court has general personal jurisdiction over Defendant Parsons, as it is headquartered in this State and District, and has continuous and systematic business contacts within this State. Thus, personal jurisdiction over Defendant in this State is appropriate for all purposes.

4. Complete diversity of citizenship exists between the parties herein.

5. The amount in controversy in this matter is in excess of $75,000.00.

6. This Court has jurisdiction of this matter pursuant to 28 U.S.C.A. §1332.

7. Venue is proper in this Court pursuant to 28 U.S.C.A. §1391, as Defendant is subject to personal jurisdiction in this Court.

8. Plaintiff was formerly employed with Defendant and its subsidiary/affiliate in Saudi Arabia, Saudi Arabia Parsons Limited ("SAPL"), as Rail Program Director for the Kingdom of Saudi Arabia, and was instrumental in winning the contract for one of the largest projects Defendant has ever undertaken.

9. Plaintiff alleges that SAPL was a mere instrumentality or alter ego of Parsons, created for the purpose of conducting Parsons' business in Saudi Arabia. As such, the acts and omissions of SAPL are legally the acts and omissions of Defendant.

10. Plaintiff's employment with Defendant ended in July, 2013.

11. In October, 2013, Plaintiff secured employment with North-Star in Saudi Arabia and requested in writing that Defendant transfer his work visa to his new employer.

12. In response to this request, Defendant's employee, Stephen R. Tuzik, advised Plaintiff that Defendant would not allow him to transfer his visa to a new employer, that Defendant wanted Plaintiff out of Saudi Arabia and would only issue an exit visa, and that Defendant did not want Plaintiff in the Middle East.

13. Defendant withheld Plaintiff's pay and documents until he signed off on the exit visa.

14. Plaintiff has subsequently sought employment in the rail and civil engineering industry and has been approached by numerous companies regarding his interest in working in the rail and civil engineering industry in the Middle East and elsewhere.

15. On numerous occasions, Plaintiff has had employment opportunities that have been cut off abruptly during the interview process or after a position has been offered.

16. In each of these cases, the prospective employers with which Plaintiff has been dealing have connections or joint ventures with Defendant.

17. Defendant has communicated with other companies in the rail and civil engineering industry and utilized its position in the industry to improperly influence other companies to refrain from hiring Plaintiff.

18. Plaintiff was specifically advised, via e-mail, by a recruiter for an Australian rail company, Systra, that Systra's internal system contained a direction not to enter into dialogue with Plaintiff regarding employment.

19. Plaintiff alleges that Defendant communicated with Systra to prevent Plaintiff from obtaining employment with that company. The only source for such a direction was Defendant, as Plaintiff had never had any prior dealings with Systra.

20. Defendant's actions in this regard have been intentional and for the improper purpose of damaging Plaintiff's career and ability to earn a livelihood.

21. Plaintiff has had a number of prospective economic relationships in the form of potential employment in the rail and civil engineering industry with entities other than Defendant. These prospective relationships made it reasonably probable that Plaintiff would gain a future economic benefit.

22. Defendant engaged in independently unlawful acts designed to intentionally interfere with Plaintiff's prospective economic relationships.

23. Plaintiff would have secured employment with one or more of his prospective employers were it not for Defendant's wrongful interference with his prospective employment relationships. As such, his prospective economic relationships were actually disrupted.

24. As a direct and proximate result of Defendant's wrongful acts in influencing Plaintiff's potential employers, Plaintiff has sustained economic harm in the form of

an inability to obtain further employment in the rail industry or any other civil engineering related industry.

25. As a direct and proximate result of Defendant's wrongful actions, Plaintiff has suffered damages in excess of $75,000.00.

26. Defendant's actions complained of herein were of such an egregious character as to warrant the imposition of punitive damages against Defendant in order to deter Defendant from subjecting other persons to similar mistreatment.

WHEREFORE, for the reasons stated above, Plaintiff Luay Aljamal prays this Court grant him judgment against Defendant Parsons Corporation in an amount in excess of $75,000.00 for its intentional interference with his prospective economic advantage and punitive damages in an amount in excess of $75,000.00, together with interest, costs, attorney fees, and such other and further relief as this Court deems just and equitable.

Dated: April 12, 2016

Respectfully submitted,

/s/ Shaun Khojayan
SHAUN KHOJAYAN (Cal. Bar. No. 197690)
LAW OFFICES OF SHAUN KHOJAYAN
& ASSOCIATES, P.L.C.
555 West Fifth Street, 31st Floor
Los Angeles, CA 90013
Telephone: (310) 274-6111
Facsimile:  (310) 274-6211
Email: shaun@khojayan.com

- and -

Phillip P. Owens II, Oklahoma Bar #15165
OWENS LAW OFFICE, PC
6907 N.W. 122nd Street
Oklahoma City, OK 73142-3903
405-608-0708
405-608-0709 FAX
po@owenslawofficepc.com
*Attorney for Plaintiff*

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**