Elizabeth A. Falcone, CA Bar No. 219084
elizabeth.falcone@ogletreedeakins.com
Amanda C. Van Wieren, admitted *pro hac vice*
amanda.vanwieren@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR  97201
Telephone:  503.552.2140
Facsimile:  503.224.4518

Michael J. Sexton, CA Bar No. 153435
michael.sexton@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:  714.800.7900
Facsimile:  714.754.1298

Attorneys for Defendant
PARSONS CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUAY ALJAMAL,<br><br>            Plaintiffs,<br><br>     v.<br><br>PARSONS CORPORATION,<br><br>            Defendants. | Case No. 2:16-cv-02518-JFW (FFMx)<br><br>**DEFENDANT'S OBJECTIONS TO AND MOTION TO STRIKE DECLARATIONS SUBMITTED IN OPPOSITION TO RENEWED MOTION FOR SUMMARY JUDGMENT (Dkt. 93)**<br><br>Hearing Date:    August 7, 2017<br>Hearing Time:    1:30 p.m.<br>Place:          Courtroom 7A<br><br><br>Complaint Filed:   4/12/16<br>Discovery cut-off date:  8/1/17<br>Pretrial conference date: 9/29/17<br>Trial Date:  10/17/17<br>District Judge:    Hon. John F. Walter<br>Magistrate Judge:  Hon. Frederick Mumm |

Motion to Strike
Evidence in

# **TABLE OF CONTENTS**

I.       INTRODUCTION ................................................................................... 1

II.      THE THREE DECLARATIONS SUBMITTED BY
         PLAINTIFF SHOULD BE STRICKEN ON TIMELINESS
         GROUNDS ALONE. ............................................................................. 1

III.     THE SHADFAN DECLARATION (DKT. 104) SHOULD BE
         STRICKEN BASED ON THE FAILURE TO DISCLOSE HER
         AS A WITNESS. ................................................................................... 2

IV.      THE HASAN DECLARATION (DKT. 103) SHOULD BE
         STRICKEN ON EQUITABLE GROUNDS. ......................................... 4

V.       FURTHER OBJECTIONS TO SPECIFIC CONTENTS OF
         DECLARATIONS SUBMITTED BY PLAINTIFF .............................. 9

         A.    Objections to the Declaration of Ayah Shadfan (Dkt. 104) ........... 9

         B.    Objections to Plaintiff's Declaration (Dkt. 102) ......................... 11

Motion to Strike
Evidence in

DEFENDANT'S MOTION TO STRIKE DECLARATIONS SUBMITTED IN OPPOSITION TO RENEWED
MOTION FOR SUMMARY JUDGMENT (DKT. 93)

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

4

**Cases**

5

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................... 14

6

*Bakhico Co. v. Shasta Bevs.*,
   No. 3:94-CV-1780-H, 1998 U.S. Dist. LEXIS 7144 (N.D. Tex. May
   12, 1998) ................................................................................................. 8

7

8

*Blair Foods, Inc. v. Ranchers Cotton Oil*,
   610 F.2d 665 (9th Cir. 1980) ...........................................................*passim*

9

10

*Cal-Bay Corp. v. United States*,
   169 F.2d 15 (9th Cir. 1948) ................................................................... 9

11

12

*Giordano v. McCartney*,
   385 F.2d 154 (3rd Cir. 1967) ................................................................. 9

13

14

*Green v. Baca*,
   226 F.R.D. 624 (C.D. Cal. 2005)........................................................... 3

15

16

*Head v. Glacier Northwest Inc.*,
   413 F.3d 1053 (9th Cir. 2005) .............................................. 11, 12, 13, 14

17

*Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*,
   627 F.2d 919 (9th Cir. 1980) ................................................ 11, 12, 13, 14

18

19

*Lipari v. U.S. Bancorp, NA*,
   No. 07-2146-CM-DJW, 2008 U.S. Dist. LEXIS 60332 (D. Kan. July
   22, 2008) ................................................................................................. 3

20

21

22

*LT Game Int'l Ltd. v. Shuffle Master, Inc.*,
   No. 2:12-cv-01216-GMN-GWF, 2013 U.S. Dist. LEXIS 11835 (D.
   Nev. Jan. 28, 2013) ................................................................................. 3

23

24

*Orr v. Bank of Am., NT & SA*,
   285 F.3d 764 (9th Cir. 2002) ................................................... 10, 13, 15

25

26

*Perfect 10, Inc. v. Visa Intern Serv. Ass'n*,
   494 F.3d 788 (9th Cir. 2007) ................................................................. 10

27

28

ii                                    Case No. 2:16-cv-02518-JFW (FFMx)

*United States v. Bennett*,
   363 F. 3d 947 (9th Cir. 2004) ........................................................*passim*

*United States v. Dibble*,
   429 F.2d 598 (9th Cir. 1970) .................................................... 11, 13

*United States v. Shumway*,
   199 F.3d 1093 (9th Cir. 1999) .................................................. 11, 13

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) ....................................................... 3

**Statutes**

28 U.S.C. 1781(a)(2) ........................................................................ 8

CAL. CIV. PROC. CODE § 335.1 ...................................................... 10

**Other Authorities**

Fed. R. Civ. P. 6(d) ......................................................................... 5

Fed. R. Civ. P. 26 .................................................................*passim*

Fed. R. Civ. P. 28(b) ....................................................................... 8

Fed. R. Civ. P. 34(b) ....................................................................... 5

Fed. R. Civ. P. 37(c) ....................................................................... 3

Fed. R. Civ. P. 56 .......................................................................... 10

Fed. R. Evid. 401 ............................................................................ 9

Fed. R. Evid. 402 ............................................................................ 9

Fed. R. Evid. 602 ........................................................... 11, 12, 13, 14

Fed. R. Evid. 701(b) ....................................................... 11, 12, 13, 14

Fed. R. Evid. 801 ..................................................... 10, 11, 12, 13, 14

Fed. R. Evid. 801(c) ............................................... 10, 13, 15, 16

Fed R. Evid. 801(d) ...................................................... 15, 16

DEFENDANT'S MOTION TO STRIKE DECLARATIONS SUBMITTED IN OPPOSITION TO RENEWED
MOTION FOR SUMMARY JUDGMENT (DKT. 93)

Fed. R. Evid. 802 ............................................................... 10, 11, 12, 13, 14

Fed. R. Evid. 803 .................................................................. 10, 13, 15, 16

Fed. R. Evid. 901 .......................................................................... 15

Fed. R. Evid. 1002 ........................................................... 10, 11, 12, 13, 14

Local Rule 7-9 ................................................................................. 1

Local Rule 7-10 ............................................................................... 1

Motion to Strike
Evidence in

DEFENDANT'S MOTION TO STRIKE DECLARATIONS SUBMITTED IN OPPOSITION TO RENEWED
MOTION FOR SUMMARY JUDGMENT (DKT. 93)

## I.    <u>INTRODUCTION</u>

Two weeks after his response to Defendant Parsons Corporation's ("Parsons") Renewed Motion for Summary Judgment was due, and one week after Parsons filed its Reply, Plaintiff has submitted three declarations that should have no bearing whatsoever on the outcome of Parsons' Motion.  Aside from being late-filed, two of Plaintiff's declarations are from witnesses who were not timely disclosed pursuant to Federal Rule of Civil Procedure 26, and two of the declarations also contain numerous statements that are inadmissible, discussed *infra* Section IV.  Accordingly, Parsons respectfully requests that the Court sustain Parsons' objections and strike these declarations from the record.

Parsons reviewed and is cognizant of the Court's requirements set forth in the Amended Scheduling and Case Management Order regarding objections to evidence submitted in opposition to a motion for summary judgment.  *See* Dkt. 81, at 14. However, strict compliance with those requirements by Parsons is not possible because Plaintiff submitted no Statement of Genuine Disputes of Material Fact.  *See generally* Docket.  Consequently, Parsons has structured its objections to comply with the Court's requirements as closely as it can.

## II.    <u>THE THREE DECLARATIONS SUBMITTED BY PLAINTIFF SHOULD BE STRICKEN ON TIMELINESS GROUNDS ALONE.</u>

On July 10, 2017, Parsons filed its Renewed Motion for Summary Judgment and noted it for hearing on August 7, 2017.  Dkt. 93, 95.  Pursuant to Local Rule 7-9, Plaintiff's Opposition and any supporting evidence was due Monday, July 17, 2017. Plaintiff did not ask Parsons' counsel to stipulate to an extension of time to respond to the Motion, or move the Court for additional time to file his response.  *See* Dkt. 98-1, ¶ 2; *see generally* Court's Docket.  Instead, Plaintiff simply let his time to respond run, and filed his Opposition—devoid of any evidence or argument contravening the facts upon which Parsons' Motion was based—four days late, on Friday, July 21, 2017.  Dkt. 96; L.R. 7-10.  Then, on July 31, 2017, two weeks after

Motion to Strike
Evidence in

Plaintiff's response deadline, and *a week after Parsons filed its Reply* pointing out that Plaintiff failed to comply with the Court's deadlines and did not contest any facts relied upon by Parsons, Plaintiff suddenly filed three declarations: the Declarations of Luay Aljamal, Abdallah Hasan, and Ayah Shadfan in Support of Plaintiff's Opposition to Motion for Summary Judgment.  Dkt. Nos. 98, 102-04.

As with his untimely Opposition, Plaintiff offers no explanation for these late filings.  *See generally* Court Docket; Dkt. 104.  Nor can Parsons think of any reason why Plaintiff could not have obtained his own declaration, his wife's declaration, or the declaration of a witness (Hasan) he has known of since at least late 2013 (and with whom he has been in contact since at least April 10, 2017), before the date his Opposition was due, or at least by the date on which he late-filed his Opposition brief.  *See* Dkt. 104, ¶ 1; Dkt. 98-1, ¶ 9; UF Nos. 23-25, 33.  Had Plaintiff done the latter, his filings *still* would have been late, but at least Parsons would have had the opportunity to substantively respond in its Reply to the factual assertions Plaintiff has now belatedly made.  Plaintiff has yet again put Parsons in a position where it has insufficient time to respond to his filings; this time, however, he also has filed documents that the Court likely has insufficient time to consider prior to the hearing set for August 7, 2017.  Further, considering Plaintiff's late-filed evidence would be prejudicial to Parsons.  Plaintiff's Declaration, along with the Hasan and Shadfan Declarations, should be stricken in their entirety based on untimeliness alone.

## III.    THE SHADFAN DECLARATION (DKT. 104) SHOULD BE STRICKEN BASED ON THE FAILURE TO DISCLOSE HER AS A WITNESS.

The Court also should strike the Declaration of Ayah Shadfan (Dkt. 104) because Plaintiff failed to disclose Ms. Shadfan as a witness pursuant to Federal Rule of Civil Procedure 26, even after Parsons explicitly asked Plaintiff to update his disclosures in May 2017.  *See* Dkt. 94-1, at 3-4 (Plaintiff's initial disclosures omitting Ms. Shadfan); Dkt. 98-1, Ex. 23, at 1 (disclosing Abdallah Hasan as the "only [] witness identified by Plaintiff as likely having discoverable information");

1  *see* concurrently-filed Second Supplemental Declaration of Elizabeth A. Falcone in

2  Support of Defendant's Renewed Motion for Summary Judgment ("Second Supp.

3  Falcone Decl."), Ex. 25, at 1-2.

4       The purposes of the witness disclosure requirement under Rule 26(a)(1)(A)(i)

5  is to "allow the opposing party to help focus the discovery that is needed and to

6  determine ***whether a deposition of a particular person identified as a potential***

7  ***witness might be necessary***." *Lipari v. U.S. Bancorp, NA*, No. 07-2146-CM-DJW,

8  2008 U.S. Dist. LEXIS 60332, at *2 (D. Kan. July 22, 2008) (emphasis added); *LT*

9  *Game Int'l Ltd. v. Shuffle Master, Inc.*, No. 2:12-cv-01216-GMN-GWF, 2013 U.S.

10  Dist. LEXIS 11835, at *5 (D. Nev. Jan. 28, 2013).  Having failed to disclose Ms.

11  Shadfan as a potential witness, Plaintiff deprived Parsons of the opportunity to

12  decide whether to depose her before filing its Motion or during the discovery period.

13  Plaintiff's reliance on Ms. Shadfan's testimony at this late juncture is all the more

14  egregious because the first time Ms. Shadfan was identified as a possible witness

15  was when Plaintiff filed the Shadfan Declaration at 4:07 p.m. on July 31, 2017, *the*

16  *day before the discovery cut-off date* in this matter.[1]  Dkt. 104; Dkt. 81, at 33.

17  Parsons has had no meaningful opportunity to depose Ms. Shadfan.

18       The remedy for a party's failure to timely disclose a witness pursuant to

19  Rule 26 is exclusion of that witness's testimony.  *See* Fed. R. Civ. P. 37(c)(1); *Yeti*

20  *by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)

21  ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any

22  information required to be disclosed by Rule 26(a) that is not properly disclosed.");

23  *Green v. Baca*, 226 F.R.D. 624, 655 (C.D. Cal. 2005) ("Excluding evidence at trial

24  as a sanction for failure to make timely disclosure under Rule 26(e)(1) is 'automatic

25  and mandatory unless the party can show the violation is either justified or

26

27  [1] Indeed, given that the Court's Amended Scheduling and Case Management Order requires filings to be made prior to 4:00 p.m., the Shadfan Declaration is to be deemed filed August 1, 2017 (the same day discovery closed in this matter).

28

1  harmless.'") (quoting *Miksis v. Howard*, 106 F.3d 754, 760 (7th Cir. 1997)).  The

2  Shadfan Declaration should be stricken and not considered on summary judgment

3  (nor should Ms. Shadfan be permitted to be a witness in this matter in any capacity).

## IV.    THE HASAN DECLARATION (DKT. 103) SHOULD BE STRICKEN ON EQUITABLE GROUNDS.

6        Parsons also would be prejudiced if the Court were to consider the Declaration

7  of Abdallah Hasan (Dkt. 103) because Plaintiff failed to promptly disclose

8  Mr. Hasan under Rule 26, and thereafter did not take reasonable steps to locate

9  Mr. Hasan and/or provide his contact information so that he could be deposed,

10  despite Parsons' repeated requests that Plaintiff do so.  Plaintiff disclosed Mr. Hasan

11  as a witness in June 2017.  This is completely improper, for numerous reasons.

12        First, Plaintiff has known what Mr. Hasan's anticipated testimony would be

13  since late 2013.  *See* UF Nos. 23-25 & 33.  This case was filed on April 12, 2016, but

14  Plaintiff did not disclose Mr. Hasan pursuant to Rule 26 until *more than a year later*,

15  on Friday, June 9, 2017, and then failed to provide any valid contact information for

16  him.  Dkt. 94-1, at 3-4; Dkt. 98-1, ¶ 8 & Ex. 23, at 1.

17        Second, Plaintiff publicly holds himself out as the CEO of North Star.  UF

18  No. 32.  The Hasan Declaration indicates that he is an employee of North Star.  Dkt.

19  103, ¶ 1.  For Plaintiff, who describes himself as the "CEO" of the company

20  Mr. Hasan allegedly works for, it simply is completely incredible that he has no idea

21  where Mr. Hasan resides, what his personal contact information is, and has had no

22  means to provide that information to Parsons in connection with his Rule 26

23  disclosures.

24        The same day Plaintiff belatedly disclosed Mr. Hasan's identity—June 9,

25  2017—Plaintiff also produced, for the first time, a letter purportedly written by

26  Mr. Hasan at the request of Plaintiff (the "Letter"), which bore a date two months

27  earlier: April 10, 2017.  Dkt. 98-1, ¶ 9.  Puzzled as to how Plaintiff—who

28  represented he had no contact information for Mr. Hasan—received the Letter,

Motion to Strike
Evidence in

4                    Case No. 2:16-cv-02518-JFW (FFMx)

Parsons propounded the following request for production:  "All documents reflecting the method of transmission of the [Letter] from Abdallah Hassan to [Plaintiff]," *e.g.*, "if [the Letter] was sent to [Plaintiff] by email, … [the] email sent to [Plaintiff] in which [the Letter] was attached," or "[i]f [the Letter] was sent to [Plaintiff] by regular mail, … any envelope that contained [the Letter]."  Second Supp. Falcone Decl., Ex. 25, at 4.  Plaintiff's response to that request was due July 31, 2017.  *See* Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 6(d).  As of the date of this filing (August 2, 2017), Plaintiff still has not produced any responsive document showing how or when he got the Letter.  Second Supp. Falcone Decl., ¶ 3.

Dismayed that the Letter had not been produced immediately after Plaintiff obtained it (which Parsons believes occurred months earlier, in April 2017),[2] Parsons' counsel wrote to Plaintiff's counsel regarding the late and incomplete disclosure.  It did so on Friday, June 9, 2017, advising Plaintiff as follows:

> [The Letter and Mr. Hasan's contact information] should have been disclosed months ago, and this has become a due process issue for Parsons because Mr. Hassan's [*sic*] statements appear to be the only evidence Plaintiff has.
>
> ***Please provide this information no later than the end of the day on Monday so that we have sufficient time to arrange for Mr. Hassan's [sic] deposition prior to the summary judgment filing deadline***.
>
> ***If we do not receive Mr. Hassan's*** [*sic*] ***contact information, and Plaintiff attempts to rely on***

---

[2] As Parsons advised Plaintiff in May 2017, any communications with representatives of North Star (such as the Letter) were "responsive to [Parsons'] Request Nos. 3, 16, 17, 18, and 19," served in *September 2016*, and "[t]o the extent Plaintiff intend[ed] to rely on them, … also [must have] be[en] produced pursuant to Plaintiff's disclosure obligation under Rule 26."  Supp. Falcone Decl., Ex. 25, at 2; Ex. 27, at 5, 8-9.

> *Mr. Hassan's* [*sic*] *communications to defeat summary*
> *judgment or at trial, please be advised that we will move*
> *to exclude them* and reserve the right to seek sanctions*.*

Dkt. 98-1, Ex. 24, at 1-2 (emphasis added).  Plaintiff's counsel responded on June 12, 2017, disclosing a Saudi phone number for Mr. Hasan, but stating that Plaintiff, the self-proclaimed CEO of North Star, "d[id] not know Mr. Hasan's address."  Dkt. 98-1, Ex. 24, at 1.

Since June 12, 2017, Parsons' counsel has attempted to reach Hasan multiple times at both the email address and telephone number provided by Plaintiff.  It has received no response to the email it sent, no one has answered the telephone on any of the multiple occasions Parsons' counsel called it, and the telephone number does not provide an opportunity for Parsons' counsel to leave a voicemail.  Dkt. 98-1, ¶ 11.  Parsons' counsel repeatedly utilized internet search engines to try to locate any "Abdallah Hasan" associated with a "North Star" in Saudi Arabia, but its searches yielded nothing.  Second Supp. Falcone Decl., ¶ 5.  Nothing, that is, until July 31, 2017, the day the Hasan Declaration was filed.  On that date, Google suddenly began returning a LinkedIn profile for an "Abdallah Hasan."  *Id.* at ¶ 6 & Ex. 28.  Even that supposed profile was odd, as it provided no employment information (other than North Star), no contact information, and no links to anyone else.  *Id.*

Parsons expects Plaintiff to argue that it could somehow access Mr. Hasan through his alleged employer, "North Star" in Saudi Arabia.  First, if Plaintiff is the CEO of North Star, as he holds himself out to be, he should have easy access to that information.  The onus of providing it should be on Plaintiff, who wishes to rely on Hasan as a witness, not Parsons.  Second, Plaintiff has conceded in writing that the information about Hasan's supposed employment with "North Star" was useless, because, in his own words, the Kingdom of Saudi Arabia does not "typically allow for depositions authorized by American courts to be taken," and that the process of securing a deposition there is "very difficult, if not impossible."  Dkt. 96, at 5-6, ¶ 7;

6

Dkt. 98-1, Ex. 22, at 4.

On June 19, 2017, Parsons' counsel spoke with Plaintiff's counsel to confer regarding Parsons' Renewed Motion for Summary Judgment.  Second Supp. Falcone Decl., ¶ 3.  During that same call, Parsons' counsel expressed that Parsons wished to depose Mr. Hasan, but that it had no address at which to serve a deposition subpoena on him.  *Id.*  Plaintiff's counsel informed Parsons' counsel that he was advised Mr. Hasan would soon be "in Canada" (without any information as to where in that entire country Mr. Hasan would allegedly be), that Plaintiff now intended to depose Mr. Hasan, and that Parsons would have an opportunity to participate in that deposition.  *Id.*  Parsons' counsel advised Plaintiff's counsel that if any further contact information was made available for Mr. Hasan, Parsons needed that information immediately.  *Id.*

Between June 19, 2017, and July 19, 2017, Parsons heard nothing from Plaintiff regarding scheduling Mr. Hasan's deposition or where he might be physically located.  *Id.* at ¶ 8.  Accordingly, Parsons' counsel followed up with Plaintiff *again* on July 19, 2017, stating that it would take the position that any testimony from Hasan should be excluded on grounds that Mr. Hasan was not produced for deposition, nor was his address provided, despite Plaintiff's obvious ability to secure his cooperation (based on the Letter and Plaintiff's counsel's knowledge of Mr. Hasan's plans to travel to Canada).  Dkt. 98-1, Ex. 21.  Plaintiff advised Parsons at that time that Mr. Hasan would not be available to be deposed until ***after the discovery period had ended***, and after the briefing on Parsons' Motion was complete.  Dkt. 98-1, Ex. 22, at 4.  As of the time of this filing, no deposition of Mr. Hasan has been noticed by Plaintiff.  Second Supp. Falcone Decl., ¶ 9.

Plaintiff has either been unwilling or unable to provide Parsons with any information that would allow Mr. Hasan to be subpoenaed for a deposition.  Indeed, Plaintiff also failed to identify *the country* where Mr. Hasan was residing, which information Parsons would have needed in order to ask this Court to issue letters

rogatory permitting it to take Mr. Hasan's deposition in a foreign country. *See* 28 U.S.C. 1781(a)(2); Fed. R. Civ. P. 28(b). Instead, Plaintiff and his counsel obtained the Letter and a declaration to assist their case, but failed to get this potentially key witness's basic information—such as an address—in order to fulfill their obligations under Rule 26.

Plaintiff's and his counsel's conduct with respect to Mr. Hasan has been extremely prejudicial to Parsons. Indeed, it is a due process issue. Parsons has had no meaningful opportunity to take discovery from Mr. Hasan, but Plaintiff seeks to rely on a supposed declaration from Hasan to defeat summary judgment. This is after Plaintiff neglected to disclose (or possibly hid) Mr. Hasan's existence *for years* (since 2013) and then maintained throughout the discovery period that he did not know where Mr. Hasan was, could not provide contact information for him, suggested he might be "in Canada" sometime after the briefing on this Motion closed, and failed to arrange his deposition such that it could occur prior to the discovery cut off.[3] Equities dictate that Mr. Hasan be excluded from testifying in this case, and that the Hasan Declaration be disregarded on summary judgment. *See* *Bakhico Co. v. Shasta Bevs.*, No. 3:94-CV-1780-H, 1998 U.S. Dist. LEXIS 7144, at *5-6 (N.D. Tex. May 12, 1998) (excluding testimony of witness at trial who attempted but failed to obtain visa to travel to the U.S. for deposition; "There would be an absence of a flavor of fairness if the plaintiff could produce the witness at the trial without ample forewarning to enable the taking of his oral deposition

---

[3] Plaintiff's counsel may argue that his vague claim that he thought Mr. Hasan was coming to Canada sometime in July 2017, was a good faith effort. Nonsense. Plaintiff's counsel needed to either ask this Court to issue letters rogatory allowing him to take the deposition (in Saudi Arabia, Canada, or whatever foreign country Hasan is located in), or at least make a good faith effort to get Mr. Hasan to provide his residence address so that Parsons could take those steps to secure his deposition. These things needed to be done sufficiently prior to the discovery deadline set by the Court to allow the deposition to occur on a timely basis. The consequence of Plaintiff's failure to secure Mr. Hasan's timely deposition or even his address (wherever in the world it may be) should be visited upon Plaintiff, not Parsons.

Motion to Strike Evidence in

comfortably before the beginning of the trial. … Whether the proposed witness is now available or will be available at any time before or during the trial is doubtful. Equity suggests that the plaintiff now be foreclosed from presenting the live testimony of the witness."); *see also* *Giordano v. McCartney*, 385 F.2d 154 (3rd Cir. 1967) (denying motion for new trial where "newly discovered evidence" was testimony of witness whose testimony was excluded at first trial after neither party was able to locate him for deposition).

## V.   FURTHER OBJECTIONS TO SPECIFIC CONTENTS OF DECLARATIONS SUBMITTED BY PLAINTIFF

### A.   Objections to the Declaration of Ayah Shadfan (Dkt. 104)

Shadfan Declaration, Paragraphs 2 & 7-12 (entire paragraphs), and Paragraph 5 ("He was worried, especially after the North-Star rejection."): Objection to Ms. Shadfan's statement describing Plaintiff's state of mind and the "extreme hardship" that Plaintiff's family has suffered since Plaintiff's departure from "Parsons Corporation," including how Plaintiff's unemployment and depression have affected their marriage and Plaintiff's relationship with his daughter, on the grounds that such testimony is irrelevant. *See* Fed. R. Evid. 401 & 402; *Cal-Bay Corp. v. United States*, 169 F.2d 15, 24 (9th Cir. 1948) (federal trial courts "should have a wide latitude in excluding evidence of remote relevance").  While Ms. Shadfan's statement might be relevant to noneconomic damages, it is irrelevant to the question of liability presented on summary judgment.

Shadfan Declaration, Paragraphs 3 & 4 (entire paragraphs):  Objection to Ms. Shadfan's statement regarding Plaintiff's interactions with his former coworkers during his employment with Saudi Arabia Parsons' Limited ("SAPL"), on the grounds that it is irrelevant to any material fact at issue.  Fed. R. Evid. 401 & 402. As noted in Parsons' Motion, Plaintiff left SAPL in July 2013, UF No. 3, so any such interactions would be time-barred under the two-year statute of limitations applicable to Plaintiff's claim, even if they did somehow suggest interference with Plaintiff's

prospective employment (which they do not).  CAL. CIV. PROC. CODE § 335.1; *Perfect 10, Inc. v. Visa Intern Serv. Ass'n*, 494 F.3d 788, 810 (9th Cir. 2007).

Shadfan Declaration, Paragraph 4:  Objection to Ms. Shadfan's statement that "Takis [Salpeas] spoke of how [Plaintiff] Luay [Aljamal] was critical in saving Parsons' rail protects [*sic*] in the Kingdom of Saudi Arabia" on the grounds that it is inadmissible hearsay.  Fed. R. Evid. 801 & 802; *see Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980) ("[H]earsay evidence is inadmissible and may not be considered by this court on review of a summary judgment").  Plaintiff does not state for what purpose he has offered this testimony, but presumably he seeks to establish his own qualifications by relying on the truth of the matter asserted in Mr. Salpeas' alleged statement to Ms. Shadfan.  This is hearsay, for which there is no exception under Federal Rule of Evidence 803.  *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002), *superseded on other grounds by* Fed. R. Civ. P. 56 (2010); Fed. R. Evid. 801(c).

Shadfan Declaration, Paragraph 5:  Objection to Ms. Shadfan's statement that "Luay has told me and I have seen the email he sent to Parsons CEO, begging him not to destroy his career," on the grounds that it constitutes double hearsay and because the email itself is the best evidence of its contents.  Fed. R. Evid. 801, 802, 1002; *see Blair Foods, Inc.*, 610 F.2d at 667; *United States v. Bennett*, 363 F. 3d 947, 953 (9th Cir. 2004) ("the [best evidence] rule … appl[ies] when a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself—particularly when the witness was not privy to the events those contents describe").  Plaintiff apparently is attempting to prove the truth of the matter asserted—*i.e.*, that Parsons in fact interfered with his job prospects—based on an email *Plaintiff himself wrote* accusing Parsons of interfering with his job prospects.  This is clearly hearsay.  Further, Ms. Shadfan's testimony describing the contents of that email constitute a second layer of hearsay, also not subject to any exception under Federal Rule of Evidence 803.  *See Orr*, 285 F.3d at 778; Fed. R.

Motion to Strike
Evidence in

10

1    Evid. 801(c).  Finally, this evidence is irrelevant.  Plaintiff's email is not probative of

2    any wrongful conduct by Parsons.

3           Shadfan Declaration, Paragraph 6:  Objection to Ms. Shadfan's statement that

4    "employers … would be excited [about hiring Plaintiff]" based on lack of personal

5    knowledge, lack of foundation, and the statement is improper opinion testimony, and

6    speculative.  Fed. Rule Evid. 701(b); *Head v. Glacier Northwest Inc.*, 413 F.3d 1053,

7    1062–63 (9th Cir. 2005) (lay opinions are not helpful, and hence not admissible,

8    when the necessary inferences and conclusions can be drawn from the facts

9    presented without aid of the opinion); Fed. R. Evid. 602; *see United States v. Dibble*,

10   429 F.2d 598, 602 (9th Cir. 1970) (foundation must be laid by a witness with

11   personal knowledge); *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir.

12   1999) (a declaration must contain facts showing the declarant's connection with the

13   matters stated, establishing the source of such information); *Hunt-Wesson Foods,*

14   *Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affidavit is insufficient if

15   it is "speculative, conclusory, and unqualified opinion testimony," or if it draws

16   inferences and is not based on personal knowledge).  Ms. Shadfan is not competent

17   to testify to her husband's prospective employers' state of mind, and the Shadfan

18   Declaration fails to state any facts upon which her inference is made.

19   **B.    Objections to Plaintiff's Declaration (Dkt. 102)**

20          Plaintiff's Declaration, Paragraph 2(3):  Objection to Plaintiff's statement that

21   "Luay Aljamal's Employments [*sic*] badge show[s] Parsons as the employer" on the

22   grounds that it is inadmissible hearsay, argumentative opinion, speculative, and

23   conjectural, the badge is the best evidence of its content, and Plaintiff's description is

24   a characterization that is inconsistent with the badge itself.  Fed. R. Evid. 602,

25   701(b), 801, 802 & 1002; *see Blair Foods, Inc.*, 610 F.2d at 667; *Bennett*, 363 F. 3d

26   at 953; *Head*, 413 F.3d at 1062–63; *Hunt-Wesson Foods, Inc.*, 627 F.2d at 928.  The

27   badge, Exhibit 3 to Plaintiff's Declaration, bears the mark "Parsons" (it does not

28   contain the words "Parsons Corporation"), and it also bears a mark for "SAPL: Saudi

Motion to Strike
Evidence in

11

Arabian Parsons Ltd." Exhibit 3 identifies no "employer" whatsoever.

Plaintiff's Declaration, Paragraph 2(4): Objection to Plaintiff's statement that "Domain name 'SaudiParsons (SAPL)' show[s] it is FULLY owned by Parsons" on the grounds that it is inadmissible hearsay, argumentative opinion, speculative, and conjectural, the document is the best evidence of its content, and Plaintiff's description does not follow from the document itself. Fed. R. Evid. 602, 701(b), 801, 802 & 1002; *see Blair Foods, Inc.*, 610 F.2d at 667; *Bennett*, 363 F. 3d at 953; *Head*, 413 F.3d at 1062–63; *Hunt-Wesson Foods, Inc.*, 627 F.2d at 928. The document, which is attached to Plaintiff's Declaration as Exhibit 4, lists "Parsons" (not "Parsons Corporation") as the "Registrant Contact" for the domain name "saudiparsons.com." A "Registrant Contact" designation for the domain name saudiparsons.com tells the Court nothing about who "owns" the domain name, let alone whether or not Parsons Corporation owns SAPL.

Plaintiff's Declaration, Paragraph 2(5): Objection to Plaintiff's statement that "Luay Aljamal's Payroll Stubs show[] Parsons as the payee" on the grounds that it is inadmissible hearsay, argumentative opinion, speculative, and conjectural, the pay stubs are the best evidence of their content, and Plaintiff's characterization does not conform with the pay stubs themselves. Fed. R. Evid. 602, 701(b), 801, 802 & 1002; *see Blair Foods, Inc.*, 610 F.2d at 667; *Bennett*, 363 F. 3d at 953; *Head*, 413 F.3d at 1062–63; *Hunt-Wesson Foods, Inc.*, 627 F.2d at 928. The pay stubs, attached to Plaintiff's declaration as Exhibit 5, do not identify any organization, let alone Parsons Corporation in particular, as a "payee." First, the "payee" is the recipient of a check, not the party issuing the check. Second, the entity listed at the top of each page of Exhibit 5 is neither Parsons Corporation, nor SAPL, but "Parsons Global Services Ltd, P.O. Box 5498, Abu Dhabi, UAE." This is probative of nothing.

Plaintiff's Declaration, Paragraph 2(7): Objection to Plaintiff's testimony that the "letter from Mr. Takis Salpeas, stating he has worked for Parsons until March 2015 contrary to the Attached Declaration of Krista Woodley that states that Mr.,

1   [*sic*] Takis worked until April 12, 2014," on the grounds that it is inadmissible

2   hearsay, argumentative opinion, speculative, and conjectural, the Woodley

3   Declaration is the best evidence of its content, and Plaintiff's description does not

4   follow from the Woodley Declaration itself.  Fed. R. Evid. 602, 701(b), 801, 802 &

5   1002; *see Blair Foods, Inc.*, 610 F.2d at 667; *Bennett*, 363 F. 3d at 953; *Head*, 413

6   F.3d at 1062–63; *Hunt-Wesson Foods, Inc.*, 627 F.2d at 928.   The Woodley

7   Declaration states that "[N]one of the persons identified by name in Plaintiff's Initial

8   Disclosures, attached as Exhibit 1 to the Declaration of Elizabeth A. Falcone, have

9   worked for Parsons between April 12, 2014, and the present." Dkt. 93-6, ¶ 3.  It does

10  not state that Salpeas "worked until April 12, 2014."

11      With regard to the Salpeas letter, Plaintiff relies on the contents of the letter to

12  prove the truth of the matter asserted, *e.g.*, that Mr. Salpeas "worked for Parsons

13  until March 2015."  Dkt. 103, ¶ 2(7).  The Salpeas letter is hearsay, not subject to

14  any exception, and Plaintiff's testimony describing the contents of the Salpeas letter

15  constitute a second layer of hearsay, also not subject to any exception under Federal

16  Rule of Evidence 803.  *See Orr*, 285 F.3d at 778; Fed. R. Evid. 801(c).

17      Plaintiff's Declaration, Paragraph 2(8):  Objection to Plaintiff's statement that

18  the "Al Tamimi & Company [] is the main attorney for the Parsons [*sic*] on the

19  Riyadh Metro, contrary to Mr., [*sic*] Zahir Attached Declaration" on the grounds that

20  it is argumentative opinion, speculative, and conjectural, the Qayum Declaration is

21  the best evidence of its content, and Plaintiff's characterization lacks foundation

22  either from the Qayum Declaration itself, nor does it provide foundation through

23  personal knowledge.  Fed. R. Evid. 602, 701(b) & 1002; *see Bennett*, 363 F. 3d at

24  953; *Head*, 413 F.3d at 1062–63; *Hunt-Wesson Foods, Inc.*, 627 F.2d at 928.

25  Plaintiff fails to lay any foundation for his statement that "Al Tamimi & company []

26  is the main attorney for [] Parsons on the Riyadh Metro," nor does his declaration

27  contain any facts showing any basis for him to make this statement or establishing

28  the source of this information.  *See Dibble*, 429 F.2d at 602; *Shumway*, 199 F.3d at

Motion to Strike
Evidence in

1104.   The Qayum Declaration makes no mention whatsoever of the Riyadh Metro project or Mr. Qayum's alleged connection to Parsons or SAPL.  *See generally* Dkt. 93-4.   To the extent Plaintiff is attempting to cast bias on Mr. Qayum or have the Qayum Declaration disregarded as not credible, this is not proper.   The Court does not make credibility determinations on summary judgment.   *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-55 (1986).   Any such argument is irrelevant.

Plaintiff's Declaration, Paragraph 2(9):   Objection to Plaintiff's statement that the "entire Payroll checks for Mr., [*sic*] Aljamal [] shows [*sic*] he has been paid exclusively and only by Parsons, and the Domain name of SAPL is wholly owned by Parsons, contrary to the Declaration of Mr. Ashay Dalvi Stating that Parsons owns PMEC which owns 50% of SAPL," on the grounds that it is inadmissible hearsay (and, in the case of the The ICann WhoIs record, double hearsay), argumentative opinion, speculative, and conjectural, the documents are the best evidence of their contents, and Plaintiff's characterization is not supported by the documents.  Fed. R. Evid. 602, 701(b), 801, 802 & 1002; *see Blair Foods, Inc.*, 610 F.2d at 667; *Bennett*, 363 F. 3d at 953; *Head*, 413 F.3d at 1062–63; *Hunt-Wesson Foods, Inc.*, 627 F.2d at 928.   The pay stubs, attached to Plaintiff's declaration as Exhibit 5, do not identify any organization, let alone Parsons Corporation in particular, as a "payee."  First, the "payee" is the recipient of a check, not the party issuing the check (making Plaintiff the "payee").   Second, the entity listed at the top of each page of Exhibit 5 is neither Parsons Corporation, nor SAPL, but "Parsons Global Services Ltd, P.O. Box 5498, Abu Dhabi, UAE."  These documents are probative of nothing.

The ICann WhoIs record attached to Plaintiff's declaration as pages 8 to 11 of Exhibit 9 lists "Parsons" as the "Registrant Contact," for the domain name "saudiparsons.com."   Pages 8 to 11 of Exhibit 9 say nothing about who "owns" SAPL, let alone who "owns" the domain name.   Moreover, Plaintiff relies on the contents of this record to prove the truth of the matter asserted, *e.g.*, that Parsons "owns" the SAPL domain.  Dkt. 102, ¶ 2(9).   The record itself is hearsay, not subject

to any exception, and Plaintiff's characterization of the contents of that record constitute a second layer of hearsay, also not subject to any exception under Federal Rule of Evidence 803. *See Orr*, 285 F.3d at 778; Fed. R. Evid. 801(c).

  Plaintiff's Declaration, Exhibit 4 and pages 8 to 11 of Exhibit 9:  Objection to the ICann WhoIs records as unauthenticated hearsay to the extent Plaintiff wishes to use the document to prove the truth of the matter asserted therein, *e.g.*, that Parsons "owns" the SAPL domain, Dkt. 102, 2(9). Fed. R. Evid. 801(c)(2) & 901. Plaintiff offers no facts that would establish any exception to the hearsay rule under Federal Rule of Evidence 803, and does not offer any evidence to support a finding the document is what Plaintiff claims it is (e.g., authenticity).

  Plaintiff's Declaration, Exhibit 6:  Objection to the letter allegedly written by Takis Salpeas on the grounds that it is inadmissible hearsay. Plaintiff relies on the contents of the letter to prove the truth of the matter asserted, *e.g.*, that Mr. Salpeas "worked for Parsons until March 2015." Dkt. 103, ¶ 2(7). This is hearsay not subject to any exception. Fed. R. Evid. 801(c)(2).

  Parsons anticipates that Plaintiff may argue that Salpeas' statement is an admission by a party opponent, which is excluded from hearsay under Rule 801(d)(2). Any such argument would fail, however, because Plaintiff has not adduced evidence sufficient to establish the criteria for that exclusion. A statement by a party opponent is one that is offered against an opposing party and:

  (A) is made by the party in an individual or representative capacity;

  (B) is one the party manifested that it adopted or believed to be true;

  (C) was made by a person whom the party authorized to make a statement on the subject;

  (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it

Motion to Strike Evidence in

existed; or

(E) was made by the party's coconspirator during and in furtherance of the conspiracy.

Fed. R. Evid. 801(d)(2). The only two subsections that could possibly apply here are (C) and (D), but there simply is no evidence that Parsons "authorized" Salpeas to make such statement, and Plaintiff's own evidence shows it was made *after* the alleged employment relationship existed. *See* Dkt. 102, Ex. 6 (letter dated July 21, 2017, stating "I completed my tenure with Parsons Corporation in March 2015.").

Plaintiff's Declaration, Exhibit 10: Objection to the emails written by Plaintiff himself, Luay Aljamal, to Chuck Harrington accusing Parsons of interfering with his job prospects on the grounds that they are inadmissible hearsay. Plaintiff does not state for what purpose he has introduced these emails. However, Parsons assumes that Plaintiff is attempting to prove the truth of the matter asserted therein, *e.g.*, that Parsons in fact interfered with his job prospects. This is hearsay not subject to any exception under Rule 803. Fed. R. Evid. 801(c)(2).

DATED: August 2, 2017.      OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ Elizabeth A. Falcone
     Elizabeth A. Falcone, CA Bar No. 219084
     elizabeth.falcone@ogletreedeakins.com
     Michael J. Sexton, CA Bar No. 153435
     michael.sexton@ogletreedeakins.com
     Amanda C. Van Wieren, *admitted pro hac vice*
     amanda.vanwieren@ogletreedeakins.com

     Attorneys for Defendant
     PARSONS CORPORATION

Motion to Strike
Evidence in

# PROOF OF SERVICE
*Luay AlJamal v. Parsons Corporation*
Case No. 2:16-cv-02518-JFW (FFMx)

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the City of Portland in the office of a member of the bar of this court at whose direction the service was made. My business address is 222 SW Columbia Street, Suite 1500, Portland, OR 97201.

On August 2, 2017, I served the following document(s):

**DEFENDANT'S MOTION TO STRIKE DECLARATIONS SUBMITTED IN OPPOSITION TO RENEWED MOTION FOR SUMMARY JUDGMENT (DKT. 93)**

on the persons below as follows:

James J. Orland, CA Bar No. 161937
jim@orlandlawgroup.com
Orland Law Group, A Professional Corporation
1334 Parkview Avenue, Suite 100
Manhattan Beach, CA 90266
Telephone: 310.546.8139
Facsimile: 310.546.8193

Attorney for Plaintiff

☒ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐ **(Federal)** I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 2, 2017, at Portland, Oregon.

Rosealynn Seitz _____    /s/ Rosealynn Seitz _____
Type or Print Name                  Signature

30719439.1

17    Case No. 2:16-cv-02518-JFW (FFMx)

DEFENDANT'S MOTION TO STRIKE DECLARATIONS SUBMITTED IN OPPOSITION TO RENEWED MOTION FOR SUMMARY JUDGMENT (DKT. 93)